IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00775-BNB

DIRKIN BROWN,

    Plaintiff,

v.

KRISTINE BRYANT (Sheridan Police Dept. Detective),
MICHAEL PASKO (Denver, Colo. Parole Officer),
JEFFERY LYNN BRITEGAM (Dnvr. Police Dept. Det.), and
VALERIA N. SPENCER (Arap. Cnty. Dist. Crt. Judge),

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Dirkin Brown, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Brown, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the validity of his state court criminal conviction and sentence. He seeks money damages and injunctive relief, i.e., a request for liens against the Defendants' assets.

    Mr. Brown has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants

have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. Brown is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Brown's complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id*. For the reasons stated below, the complaint and the action will be dismissed.

While the complaint is not the model of clarity, Mr. Brown challenges his allegedly wrongful conviction on criminal charges for events that occurred during the armed robbery of the E Z Pawn Co. Store on August 12, 2009. He complains he was the victim of a prefabricated scheme between Defendants Detective Kristine Bryant and Michael Pasko, his parole officer, to have Defendant Detective Jeffery Lynn Britegam

arrest him at the Denver West Metro Parole Office. He also complains that on November 4, 2009, Mr. Pasko initiated a mock parole revocation proceeding in response to a request by Detective Bryant to detain him involuntarily for a DNA sample. He further complains about evidence in the form of a surveillance video that Detective Bryant presented on July 27, 2010, during his trial in Arapahoe County district court, and maintains her trial testimony is the "sole reason," ECF No. 1 at 6, for his conviction. In addition to police officers and his parole officer, he also is suing Valeria N. Spencer, the Arapahoe County district judge at his criminal trial.

Mr. Brown's sole federal remedy for the dismissal of his conviction and sentence is a writ of habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after he exhausts state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Habeas corpus claims may not be raised in a § 1983 action. Rather, they must be pursued in an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* § 2254(b)(1)(A); *Preiser*, 411 U.S. at 499 n.14. Mr. Brown does not allege, and nothing in the Court file indicates, he has invalidated his conviction through a writ of habeas corpus.

Even if Mr. Brown asserted his claims for damages in a § 1983 action, the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512

U.S. at 486-87.  Mr. Brown does allege that he has invalidated his conviction and sentence through a writ of habeas corpus, however.

Despite the fact that Mr. Brown seeks injunctive relief in addition to damages, *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction."  See *Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir. 1999)).  "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. Brown's allegations, his request for injunctive relief necessarily implies the invalidity of his conviction.  See *Lawson*, 67 Fed. App'x at 526 n.2 (citing *Kutzner v. Montgomery Cnty.*, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be brought as habeas corpus petitions and not under § 1983").  Success on Mr. Brown's claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration.

Therefore, the Court finds that Mr. Brown's claims challenging the validity of his state court criminal conviction and sentence are barred by the rule in *Heck*.  The dismissal will be without prejudice.  See *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).  However, a *Heck* dismissal counts as a strike under § 1915(g).  See

4

*Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Mr. Brown's complaint also suffers from other deficiencies. To the extent he is suing improper parties for damages, the claims will be dismissed with prejudice. *See Carbajal v. Holman*, 485 F. App'x 332, 333 (10th Cir. 2012).

The Honorable Valeria N. Spencer, the Defendant judge, is absolutely immune from liability in civil rights suits when acting in a judicial capacity unless she acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Spencer was acting in her judicial capacity during Mr. Brown's criminal proceedings and, therefore, was not acting in the clear absence of all jurisdiction. Therefore, the claims Plaintiff asserts against Judge Spencer are barred by absolute judicial immunity and will be dismissed pursuant to § 1915(e)(2)(B)(iii). In addition, Detective Bryant is absolutely immune for testifying in Mr. Brown's trial. *See Miller v. Glanz*, 948 F.2d 1562, 1570-71 (10th Cir. 1991).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Brown files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that the claims for monetary damages against improper parties are dismissed with prejudice because these claims either are legally frivolous or are seeking relief from Defendants entitled to immunity.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  29th  day of   March  , 2013.

BY THE COURT:


  s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court